1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| SECURITY PACIFIC CREDIT CORP., a California corporation<br><br>Plaintiff,<br><br>v.<br><br>WHITE VENTURES ENERGY, LLC, et al.,<br><br>Defendants.<br><hr>AND RELATED COUNTERCLAIMS | CASE NO. CV07-3710 PSG (JCx)<br><br>~~[PROPOSED]~~ PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS<br><br>[Attached to Stipulation re Confidentiality of Documents]<br><br>Discovery cutoff:   March 10, 2008<br>Pretrial conference: May 19, 2008<br>Trial date:          June 10, 2008<br><br>Hon. Jacqueline Chooljian<br><br>[Note Changes Made By Court] |

~~[PROPOSED]~~ **PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS**

# [PROPOSED] ORDER

**IT IS HEREBY ORDERED THAT:**

1. This Protective Order shall govern the production, use and disclosure of confidential and proprietary information produced in discovery in this Action, including testimony given at any deposition, interrogatory answers, documents, and other discovery materials produced by the parties and non-parties, and designated as such pursuant to the procedures described herein, and other materials derived therefrom (hereinafter referred to as "Confidential Materials").  This Protective Order governs only the disclosure and use of Confidential Materials in the course of discovery in this Action.  It does not govern the disclosure and use of any such materials in any trial or other proceedings unrelated to discovery.

2. Any party to this action and any non-party required to disclose information in this action (hereinafter the "Designating Party" or the "Producing Party") shall have the right to designate as confidential any Confidential Materials it produces in discovery which it believes in good faith to constitute proprietary information, confidential business information and/or trade secrets relating to its business, or other personal and non-public information of a private nature as to which protection is warranted under Rule 26(b) of the Federal Rules of Civil Procedure.

3. The designation of documents as Confidential Materials shall be made by placing a label or stamp impression on each page of the document that the Designating Party wishes to designate as confidential. Such label or stamp shall say "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." All documents to be so designated shall be labeled or stamped prior to the transmission of a physical copy thereof to the other party (hereinafter the "Receiving Party"). In the case of Confidential Materials in a non-paper medium (e.g., video tape, audio tape, computer disk, etc.), the notations "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be affixed to the

outside of the medium or its container so as to clearly give notice of the designation. Deposition transcripts may be so designated either (a) as particular testimony is recorded, in which case the portions of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the reporter, or (b) If, after a deposition is transcribed and released by the reporter, any party believes certain testimony not previously designated as confidential is in fact confidential and should have been so designated at the time, written notice shall issue citing to the page or pages in issue, providing copies of those pages stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and the remaining parties shall have seven (7) calendar days to provide notice of agreement or disagreement. In the event of a disagreement, the party asserting confidentiality shall be entitled to petition the Court for a determination as to the confidential nature of the proposed further deposition testimony in issue. The resolution of any such dispute shall be governed by Local Rule 37.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:**

4. Access to all materials stamped "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" produced by another party or non-party in pretrial discovery in this action shall be limited to: (a) parties to the Action; (b) counsel for the parties and their employees; (c) expert witnesses or consultants employed by the parties and their employees or their counsel in connection with the Action; (d) potential or actual witnesses in the Action; (e) any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient; (f) court reporters and similar personnel; (g) deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Materials should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant

information; (h) outside copy vendors, deposition reporters and videographers; (i) litigation support staff employed by any of the foregoing; and (j) any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order. Confidential Materials shall be held in strict confidence by each of the foregoing persons, and shall be used or disclosed solely in connection with the Action. Nothing in this paragraph limits the access of court personnel to confidential information.

5. The persons identified in subdivisions (a)-(j) of Paragraph 4 shall not disclose Confidential Materials or discuss the content thereof with anyone other than the foregoing persons or court personnel without the prior written consent of counsel for the party or non-party who produced such Confidential Materials. If any party hereto should determine that disclosure of Confidential Materials to other third parties is necessary or appropriate, such party shall request the modification of this Protective Order to permit such additional disclosure. Notwithstanding any of the foregoing provisions of this paragraph, Confidential Materials shall not be disclosed to any person (other than the persons identified in subdivisions (a) and (b) of Paragraph 4 and court personnel) unless and until that person (or counsel for that person) signs an Agreement to be Bound by Stipulated Protective Order Regarding Confidentiality as provided in Paragraph 6 of this Protective Order.

6. Each person (other than the persons identified in subdivisions (a) and (b) of Paragraph 4 and court personnel) to whom any Confidential Materials is disclosed, prior to such disclosure, shall (1) be given a copy of this Protective Order by counsel for the party disclosing such Confidential Materials, (2) be bound by the terms of such Protective Order, and (3) certify by signing a copy of the Agreement to be Bound by Stipulated Protective Order Regarding Confidentiality attached as Exhibit "A" that he or she has carefully read the Protective Order, fully understands its terms, and will abide by its terms. Counsel for the party disclosing such Confidential Materials shall be responsible for maintaining the original signed Agreements (although facsimile signatures will

3

suffice), and shall also maintain a list of all person(s) to whom such Confidential Materials is disclosed. At the conclusion of the case, absent further stipulation or Court order, counsel for the Party disclosing such Confidential Information shall confirm that all such Confidential Information has been returned or destroyed by the person(s) to whom disclosed, and the party designating the information as confidential shall be entitled to the list to confirm that such destruction or return has taken place.  No party shall be entitled to the list, or to the Agreement(s) to be Bound by Stipulated Protective Order Regarding Confidentiality, prior to the conclusion of the Action absent a stipulation or order of the Court on good cause shown.

**HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:**

7. Access to all materials stamped "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" produced by another party or non-party in pretrial discovery in this action shall be limited to: (a) counsel for the parties and counsels' employees; (b) expert witnesses or consultants employed by the parties and their employees or their counsel in connection with the Action; (c) any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient; (d) court reporters and similar personnel; (e) deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Materials should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information (and then only during examination of such deponent(s)); (f) outside copy vendors, deposition reporters and videographers; (g) litigation support staff employed by any of the foregoing; and (h) any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order.  None of the persons identified in subdivisions (b)-(g) shall include any party, or any employee, officer, director, owner, principal, or agent of any party, or of any competitors of any party in this action. Confidential Materials shall be held in strict confidence by each of the foregoing persons, and shall be used or disclosed solely in

connection with the Action and in accordance with this Stipulated Protective Order. Nothing in this paragraph limits the access of court personnel to highly confidential information.

8.	In the case of deponents under subdivision (e) and (h) in paragraph 7 who was not an author or recipient of the Confidential Materials, and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of non-relevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of the redacted document before showing it to the witness.  Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the Confidential Materials at issue and any lines of questioning relating to the Confidential Materials at issue, and to apply to the Court for a further Protective Order or other appropriate relief.

9.	The persons identified in subdivisions (a), (b), (c), (d), (e), (f), (g), and (h) of Paragraph 7 shall not disclose Confidential Materials or discuss the contents thereof with anyone other than the foregoing persons or court personnel without the prior written consent of counsel for the party or non-party who produced such Confidential Materials. If any party hereto should determine that disclosure of Confidential Materials to other third parties is necessary or appropriate, such party shall request the modification of this Protective Order to permit such additional disclosure. Notwithstanding any of the foregoing provisions of this paragraph, Confidential Materials shall not be disclosed to any person (other than the persons identified in subdivisions (a) and (c) of Paragraph 7 and court personnel) unless and until that person (or counsel for that person) signs an Agreement to be Bound by Stipulated Protective Order Regarding Confidentiality as provided in Paragraph 10 of this Protective Order.

10.	Each person (other than the persons identified in subdivisions (a) and (c) of Paragraph 7 and court personnel) to whom any Confidential Materials is disclosed, prior

5

**[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS**

to such disclosure, shall (1) be given a copy of this Protective Order by counsel for the party disclosing such Confidential Materials, (2) be bound by the terms of such Protective Order, and (3) certify by signing a copy of the Agreement to be Bound by Stipulated Protective Order Regarding Confidentiality attached as Exhibit "A" that he or she has carefully read the Protective Order, fully understands its terms, and will abide by its terms. Counsel for the party disclosing such Confidential Materials shall be responsible for maintaining the original signed Agreements (although facsimile signatures shall suffice for this purpose), and shall also maintain a list of all person(s) to whom such Confidential Materials is disclosed. At the conclusion of the case, absent further stipulation or Court order, counsel for the Party disclosing such Confidential Materials shall confirm that all such Confidential Information has been returned or destroyed by the person(s) to whom disclosed, and the party designating the information as confidential shall be entitled to the list to confirm that such destruction or return has taken place.  In no respect shall any party be entitled to the list, or to the Agreement(s) to be Bound by Stipulated Protective Order Regarding Confidentiality, prior to the conclusion of the Action absent Stipulation or Court Order on good cause shown.

### **INADVERTENT DISCLOSURE AND PRODUCTION:**

11.   Should any Confidential Materials be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this order; and the disclosing party shall promptly inform such person of all the provisions of this Protective Order and secure from such person an Agreement to be Bound by Stipulated Protective Order Regarding Confidentiality attached as Exhibit "A", which counsel for the disclosing party shall similarly maintain.  Should such person refuse to sign an Agreement to be Bound by Stipulated Protective Order Regarding Confidentiality attached as Exhibit "A" and abide by the terms of this  Protective Order, the disclosing party shall, absent further application to and order of Court, disclose to the Designating Party the name, address and phone number of the person and further identify to the Designating Party

1  what Confidential Materials were disclosed to that person.

2      12.    Should any Confidential Materials be produced, through inadvertence or otherwise, without a proper designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," the producing party shall promptly inform all parties to this action and shall be permitted to recall from those parties such improperly produced Confidential Materials upon providing copies thereof that have been marked with the proper designation(s).  Upon receiving a request to recall such documents, accompanied by copies thereof with the proper designation(s) affixed, the receiving party shall immediately return the undesignated copies to the producing party or else destroy them.

**DISCLOSURE AND FILING OF CONFIDENTIAL MATERIALS:**

    13.    No other person may disclose, in public or private, Confidential Materials produced by a Designating Party, except as set forth in this Protective Order. No other person shall use any Confidential Materials or information derived from it for purposes other than this litigation or other legal proceedings involving the parties.  No party may file any Confidential Materials in connection with any discovery proceedings without seeking leave to have them filed under seal. See Local Rule 79-5.1.  Nevertheless, materials subject to this order may be filed under seal only by specific order of the Court. If a party desires to file Confidential Materials in connection with any discovery proceedings, that party shall submit a stipulation signed by all parties explaining specifically what materials are at issue and why they deserve protection from public disclosure.  If the parties are unable to reach a stipulation, the party desiring the file the materials may submit an *ex parte* application, explaining both why the Court should allow the filing to be under seal and also why the parties were unable to reach a stipulation.  If the Court concludes that filing under seal is not warranted, the Court may order the materials to be filed in the public record of the action and not under seal.

**RESERVATIONS AND OBJECTIONS:**

    14.    This Stipulation and Protective Order is without prejudice to any rights to

object to the production of documents or information on any basis, to apply to the Court for a further protective order, to object to any discovery request, or to apply to the Court for an order compelling further discovery, further discovery protection, modification of this Protective Order, or for an order that certain documents and information produced by the other party shall not be deemed "Confidential Materials." Any party who objects to a designation of confidentiality may provide written notice on the designating party as to the objections, and within seven (7) calendar days after receiving such notice the designating party shall seek to meet and confer in an effort to resolve the matter as provided in Civil Local Rule 37-1 et seq. If an agreed resolution does not occur within the subsequent 10 day time provided by Civil Local Rule 37-1 et seq., then the designating party may bring a motion within 20 days thereafter for a protective order governing the materials in question. If no such motion is timely filed and the time for doing so is not otherwise extended by stipulation or order of the Court then this order will cease to apply to the disputed materials. By producing Confidential Materials pursuant to this Stipulation and Protective Order, the producing party does not admit their admissibility as evidence.

**FINAL TERMINATION OF ACTION:**

15. Upon final termination of the Action by way of final judgment or settlement, unless otherwise agreed to in writing by an attorney of record for the Designating Party or pursuant to further Order of Court, each party hereto shall either destroy all Confidential Materials or return all Confidential Materials to counsel for the party or non-party who produced such Confidential Materials.

**FOR GOOD CAUSE SHOWN,** the Protective Order, requested by stipulation of the parties, is hereby entered.

**IT IS SO ORDERED.**

Dated:  March 5, 2008                                /s/
                                         Jacqueline Chooljian
                                         United States Magistrate Judge

8

**[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS**

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

I, _____,

*TYPE OR PRINT NAME OF DECLARANT*

have read the Stipulated Protective Order (the "Order") in the case of <u>SECURITY PACIFIC CREDIT CORP. v. WHITE VENTURES ENERGY, LLC</u>, United States District Court for the Central District of California - Western Division Case No. CV07-3710 PSG (JCx). I agree to comply with all requirements of the Order. I agree to submit to the jurisdiction of the United States District Court for the Central District of California – Western Division concerning any action or dispute relating to the Order.

I declare under penalty of perjury under the laws of the United States of America and the State in which I reside that the foregoing is true and correct, and that this Agreement was executed on _____, 2008 at

*MONTH AND DAY*

_____, _____

*CITY*                                                                                                   *STATE*

_____

SIGNATURE

_____

*TYPE OR PRINT NAME*

_____

*TITLE/POSITION*